LEVY v. BROWN et al. (Circuit Court of Appeals, Ninth Circuit. July 11, 1893.) No. 116. In Error to the Circuit Court of the United States for the Northern Division of the District of Washington. J. B. Metcalf, for plaintiff in error. W. Lair Hill, for defendants in error. Dismissed, for want of jurisdiction. See 53 Fed. 568.

---

MOORE v. BATES et al. (Circuit Court of Appeals, Eighth Circuit. September 7, 1897.) No. 837. In Error to the Circuit Court of the United States for the District of Nebraska. J. H. Quick and A. S. Wilson, for plaintiff in error. R. E. Evans, Mell C. Jay, and H. J. Welty, for defendants in error. Dismissed, with costs, on motion of plaintiff in error.

---

## MOREHEAD v. STRIKER.

### (Circuit Court, S. D. New York. August 3, 1897.)

RECEIVER—RESIGNATION—DISCHARGE.

This is an interlocutory order accepting the resignation of the receiver, providing for the appointment of his successor, and the denial of motions to make certain new parties and to declare the bond forfeited.

Harland Cleveland, for the motion.
Edward Huffman and William H. Stayton, opposed.

LACOMBE, Circuit Judge. The various motions recently argued are disposed of as follows:

1. The present receiver, Mills W. Barse, having presented his resignation, will, upon filing the same, be relieved from further administration of the trust; but he will not be discharged until his accounts shall have been duly passed, and any sums therein with which he may be surcharged shall have been paid. Immediately upon the appointment of his successor, said Barse shall turn over to him all the assets, books, and papers of the receivership.

2. Upon signing the order accepting such resignation, the court will appoint a new receiver.

3. The motion to make Charles N. Haskell, C. H. Roser, and the Manhattan Trust Company parties to this action is denied. If, as is alleged, these individuals are indebted to the receivership, or hold assets to which it is entitled or in which it has an interest, the receiver may protect the interests of the trust sufficiently by bringing some appropriate suit.

4. The motion to make the American Surety Company, the bondsman of the present receiver, a party to this action, is also denied. The master, however, will notify that company that Mr. Barse's accounts are now being investigated, and, should the company appear, will allow it to take part in the investigation. Motion to declare the bond forfeit is premature, and is denied.

---

MUHLENBERG COUNTY, KY., v. JABINE et al. (Circuit Court of Appeals, Sixth Circuit. October 21, 1897.) No. 510. In Error from the Circuit Court of the United States for the District of Kentucky. D. W. Sanders and W. H. Yost, for plaintiff in error. D. M. Rodman, for defendant in error. No opinion. Judgment affirmed, with costs.